FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2008 FEB -1 AM 9:23

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

JASON M. COHN,

Plaintiff,

vs.

Case No.
8:08-CV-00222-T-17 MAP

DAVOL, INC. and C. R. BARD, INC.,
foreign corporations,

Defendants.
_______________________________/

## COMPLAINT FOR DAMAGES

The Plaintiff, JASON M. COHN, sues the Defendants, DAVOL, INC., and C. R. BARD, INC., and alleges:

### JURISDICTION AND VENUE

1. This is an action for damages which exceed $75,000.00 resulting from the implantation and explantation of a medical device manufactured by Defendants.

2. The Plaintiff, JASON M. COHN (hereinafter referred to as COHN), is a resident of Holiday, Pasco County, Florida.

3. At all times material herein, the Defendant, DAVOL, INC.. (hereinafter referred to as DAVOL), is a Rhode Island corporation wholly owned by Defendant, C. R. BARD, INC., a New Jersey corporation, (hereinafter referred to as BARD).

4. Jurisdiction of this court is per 28 U.S.C. §1332, due to the amount in controversy and complete diversity of citizenship. Venue is proper in this district since COHN resides here, the defective product was sold and implanted here, and resulting damages occurred here.

T.8 44779
350.00

## FACTS

5. DAVOL is engaged in the business of manufacturing, testing, processing, producing, packaging, labeling, introducing into Interstate Commerce for sale, advertising, and more specifically, the sale, distribution, and delivery of a hernia mesh patch known as Composix Kugel Mesh Hernia Patch (hereinafter referred to as the Kugel Patch) for use by physicians, hospitals and the general public, including Plaintiff, COHN. BARD also participates in the sale and distribution of the Kugel Patch and manufactures or otherwise supplies material incorporated into the Kugel Patch. The Defendants knew or in the exercise of reasonable care should have known that the product, the Kugel Patch, was not properly and carefully manufactured, processed, tested, packaged, labeled, inspected, sold and distributed, so that it would be likely to cause damage to the nerves, skin, muscles, and tissues of the body and other internal and external disorders and damages.

6. Defendants carelessly and negligently distributed the Kugel Patch to physicians and hospitals in a defective, adulterated, contaminated, impure, deleterious and unsafe state.

7. The Defendants submitted their 510K Application to the Federal Drug Administration (hereinafter referred to as the "FDA") on January 22, 2001. Following this 510K Application, the Kugel Patch was authorized by the FDA as a Class II medical device

8. On or about May 2004, COHN had gallbladder surgery. Thereafter, he underwent hernia repair surgery on December 20, 2004, wherein a Kugel Patch (Lot No. 43AOD062) was used to repair the physical defect. The Kugel Patch hernia repair product implanted in Plaintiff was designed, manufactured, sold and distributed by defendants to

be used by surgeons for hernia repair surgeries and was further represented by defendants to be an appropriate, cost-effective and suitable product for such purpose.

9. In the months that followed the surgery, COHN developed abdominal tenderness and severe pain at the site of his incision for hernia repair.

10. On or about December 22, 2005, Defendants issued an immediate recall of their product, the Kugel Patch.

11. A FDA Class I recall is issued for problems related to medical devices that are potentially life-threatening or could cause serious risk to health. The Kugel Patch was recalled due to a faulty "memory recoil ring" that can break under pressure. Incidents of ring migration, intestinal fistulae, bowel perforation and even death related to the Kugel Patch have been reported.

12. On or about August 2005, COHN's abdominal bulge reappeared. In May 2007 Cohn was referred for surgery to remove and/or repair the Kugel Patch, since it. had become detached medially, and the end had become wrapped in omentum.

13. Neither COHN nor his physician knew of the recall.

14. As a result of the failure of the Kugel Patch, COHN has suffered and will continue to suffer physical pain, scarring, and medical expenses.

15. COHN has also incurred lost wages.

16. DAVOL and BARD withdrew a large number of Kugel Patches as a result of the high complication and failure rate of the product. Upon information and belief, DAVOL and BARD were aware of high degree of complication and failure rate associated with their Kugel Patch before it was recalled. Upon information and belief, DAVOL and BARD were aware of the defect in manufacture and design prior to the recall of their Kugel Patch.

## COUNT I

### Negligence

17. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1-16 as set forth herein.

18. The Defendants were negligent to COHN in the following respects:

a. At all times mentioned, DAVOL and BARD had a duty to properly manufacture, test, inspect, package, label, distribute, market, examine, maintain, supply, provide proper warnings and prepare for use in the general public, the Kugel Patch.

b. At all times mentioned, DAVOL and BARD knew or in the exercise of reasonable care should have known, that the Kugel Patches were of such a nature that they were not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold, supplied, prepared and/or provided with the proper warnings, and were reasonably likely to injure Kugel Patch users.

c. DAVOL and BARD negligently and carelessly designed, manufactured, tested, inspected, packaged, labeled, distributed, recommended, displayed, sold, examined and/or supplied the Kugel Patch such that the product was dangerous and unsafe for the use and purpose for which it was intended.

d. DAVOL and BARD were aware of the probable consequences of the Kugel Patch. DAVOL and BARD knew or should have known the Kugel Patch would cause serious injury; they failed to disclose the known or knowable risks associated with the Kugel Patch. DAVOL and BARD recklessly, willfully and deliberately failed to avoid those consequences, and in doing so, they acted in conscious disregard of the safety of COHN.

e. DAVOL and BARD owed a duty to COHN to adequately warn him and his treating physicians of the risks of breakage, separation, tearing and splitting associated with the Kugel Patch and the resulting harm and risk it would cause patients.

f. DAVOL and BARD breached their duty by failing to comply with state and federal regulations concerning the study, testing, design, development, manufacture, inspection, production, advertisement, marketing, promotion, distribution, and/or sale of the Kugel Patch.

19. As a direct and proximate result of the duties breached, the Kugel Patch used in COHN's hernia repair surgery failed, resulting in COHN suffering pain and harm.

20. As a direct and proximate result of DAVOL's and BARD's negligence, COHN has suffered injuries and damages.

21. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safely of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD and others from similar conduct in the future.

WHEREFORE, Plaintiff, JASON COHN, requests judgment in his favor and against the Defendants, DAVOL, INC. and C. R. BARD, INC., jointly and severally, for damages in a sum to confer jurisdiction upon this Court with interest on that amount at the legal rate from the date of the judgment until paid, for court costs and other such relief as this Court deems just and appropriate. Plaintiff demands trial by jury.

**COUNT II**

**Strict Product Liability**

22. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1-16 as set forth herein.

23. At the time of manufacture, sale, and implantation of the Kugel Patch inside COHN to repair his hernia, the Kugel Patch was in an unreasonably dangerous and defective condition, i.e., its inability to continue to adhere to the tissue of COHN, which caused it to separate from the tissue of COHN requiring COHN's physicians to advise and surgically remove the Kugel Patch.

24. Defendants, DAVOL and BARD, are strictly liable to COHN in the following respects:

a. DAVOL and BARD designed, manufactured, assembled, distributed, conveyed and/or sold the Kugel Patch for hernia repair surgery;

b. The Kugel Patch was defective of manufacture and installation into COHN because it failed to perform safely and effectively for the purpose it was originally designed.

c. COHN's Kugel Patch was a Class I recall device that failed while in his body, causing him to develop serious physical complications, which required subsequent, painful and unnecessary removal surgery of his Kugel Patch;

25. At all times mentioned, the Kugel Patch was substantially in the same condition as when it left the possession of DAVOL; the Kugel Patch implanted into COHN was being used in a manner reasonably anticipated at the time it was implanted in him by his surgeon; and was intended by defendants to be used without inspection for defects.

26. Furthermore, the Kugel Patch in COHN, at the time it left the possession of DAVOL and BARD, was inherently dangerous for its intended use and was unreasonably dangerous, which presented and constituted an unreasonable risk of danger and injury to COHN as follows:

a) The Kugel Patch was sold in a defective condition by design and manufacture;

b) The Kugel Patch as designed and manufactured was unsafe to COHN;

c) The Kugel Patch as designed and manufactured was unreasonably dangerous to COHN;

d) The Kugel Patch did not perform safely as an ordinary consumer/patient, like COHN, would expect;

e) The Kugel Patch as designed and manufactured was unsafe for its intended use;

f) DAVOL and BARD failed to warn the end user about the dangers and risk of the product;

g) DAVOL and BARD knew the component parts of the Kugel Patch as implemented through design and/or manufacture could cause injury to the end user;

h) Failing to implement an adequate, safe and effective "memory recoil ring" and/or its interaction with the mesh of the Kugel Patch to withstand the foreseeable stresses they would be subject to within the intra-abdominal space;

i) Failing to avoid migration of the Kugel Patch and/or its components from the initial site of the hernia repair surgery.

j) Any other acts or failure to act by DAVOL or BARD regarding the studying, testing, deigning, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Kugel Patches for hernia repair surgery as will be learned during discovery.

27. DAVOL's and BARD's conduct in continuing to market, sell and distribute the Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, BARD, and others from similar conduct in the future.

WHEREFORE, Plaintiff, JASON M. COHN, respectfully requests judgement in his favor and against the Defendants, DAVOL, INC. and C. R. BARD, INC., jointly and severally, for damages in a sum to confer jurisdiction upon this Court with interest on that amount at the legal rate from the date of the judgment until paid, for court costs and other such relief as this Court deems just and appropriate. Plaintiff demands trial by jury.

## COUNT III

## Breach of Implied Warranty

28. Plaintiff, COHN, realleges and incorporates by reference each and every allegation contained in paragraphs 1-16 as set forth herein.

29. Defendants, DAVOL and BARD, are liable to COHN for their breach of implied warranty in the following respect: DAVOL and BARD sold the Kugel Patch, which

was implanted in COHN. DAVOL and BARD impliedly warranted to COHN, his physicians and health care providers that the Kugel Patch was of merchantable quality and safe for the use for which it was intended.

30. DAVOL and BARD knew or should have known that the Kugel Patch at the time of sale was intended to be used for that purpose of surgically implanting them into the body for hernia repair.

31. COHN, his physicians and health care providers reasonably relied on DAVOL and BARD's judgment, indications and statement that the Kugel Patch was fit for such use.

32. When the Kugel Patches were distributed into the stream of commerce and sold by DAVOL and BARD, they were unsafe for their intended use, and not of merchantable quality, as warranted by DAVOL and BARD in that they had very dangerous propensities when used as intended and implanted into a patient's body where they could cause serious injury or harm or death to the end user.

33. COHN suffered such injuries and damages as a result of DAVOL and BARD's breach of implied warranty.

WHEREFORE, Plaintiff, JASON M. COHN, respectfully requests judgement in his favor and against the Defendants, DAVOL, INC. and C. R. BARD, INC. jointly and severally, for damages in a sum to confer jurisdiction upon this Court with interest on that amount at the legal rate from the date of the judgment until paid, for court costs and other such relief as this Court deems just and appropriate. Plaintiff demands trial by jury.

## COUNT IV

### Failure to Warn

34. Plaintiff, COHN, realleges and incorporates by reference each and every allegation contained in paragraphs 1-16 as set forth herein.

35. In the course of business, DAVOL and BARD designed, manufactured and sold the Kugel Patch healthcare providers for hernia repair surgeries.

36. At the time of the design, manufacture and sale of the Kugel Patch, and more specifically at the time COHN received the Kugel Patch, it was defective and unreasonably dangerous when put to it's intended and reasonably anticipated use. Further, the Kugel Patch was not accompanied by proper warnings regarding significant adverse consequences associated with the Kugel Patch.

37. DAVOL and BARD failed to provide any warnings, labels, or instructions of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution. The reasonably foreseeable use of the product involved significant dangers not readily obvious to the ordinary user of the product. DAVOL and BARD failed to warn of the known or knowable injuries associated with malfunction of the Kugel Patch, including, but not limited to, rupture of the Patch and severe peritonitis and infection which would require subsequent surgical procedures and could result in severe injuries.

38. The dangerous and defective conditions in the Kugel Patch existed at the time they were delivered by the manufacturer to the distributor. At the time COHN had his hernia repair surgery, the Kugel Patch was in the same condition as when manufactured, distributed and sold.

39. COHN did not know at the time of use of the Kugel Patch, nor at any time prior thereto of the existence of the defects in the Kugel Patch.

40. COHN suffered the aforementioned injuries and damages as a direct result of DAVOL and BARD's failure to warn.

41. The conduct of BARD DAVOL in continuing to market, promote, sell and distribute the Kugel Patch after obtaining knowledge that the products were failing and not performing as represented and intended, showed a complete indifference to or conscious disregard for the safety of others justifying an award in such sum which will serve to deter DOVAL, BARD and others from similar conduct.

WHEREFORE, Plaintiff, JASON M. COHN, respectfully requests judgement in his favor and against the Defendants, DAVOL, INC. and C. R. BARD, INC. jointly and severally, for damages in a sum to confer jurisdiction upon this Court with interest on that amount at the legal rate from the date of the judgment until paid, for court costs and other such relief as this Court deems just and appropriate. Plaintiff demands trial by jury.

KENNAN G. DANDAR, ESQ.
Florida Bar No. 289698
Attorney for Plaintiff
DANDAR & DANDAR, P.A.
Post Office Box 24597
Tampa, Florida 33623-4597
Phone: 813-289-3858
Fax: 813-287-0895
DandarLaw@aol.com